UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ABEL OMAR MONTES, SID #00638804,** | § § § | |
| Plaintiff, | § § | |
| | § | SA-22-CV-00248-XR |
| v. | § § | |
| **GOVERNOR GREG ABBOTT,** | § § § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Abel Omar Montes's ("Montes") 42 U.S.C. § 1983 Amended Civil Rights Complaint. (ECF No. 5). Montes is proceeding *in forma pauperis* ("IFP"). (ECF Nos. 2, 3). Upon review, to the extent Montes has sued Defendant Governor Greg Abbott ("the Governor") in his official capacity for monetary damages, the Court orders Montes's Amended Complaint **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. (ECF No. 5); *see* U.S. CONST. amend. XI. Additionally, to the extent Montes has sued the Governor in his individual capacity, the Court orders Montes's Amended Complaint **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. (ECF No. 5); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Finally, Comal County records show Montes was released from the Comal County Jail; however, Montes has failed to file a notice of change of address. Thus, the Court orders Montes's Amended Complaint **DISMISSED WITHOUT PREJUDICE** for failure to prosecute by failing to file a change of address notice. (ECF No. 5); *see* FED. R. CIV. P. 41(b).

**BACKGROUND**

In January 2020, Montes was arrested and confined in the Guadalupe County Jail on two felony charges — manufacturing a controlled substance with intent to deliver and engaging in organized criminal activity. *See Ex parte Montes*, No. 04-20-00337-CR, 2021 WL 603368, at *1 (Tex. App.—San Antonio Feb. 17, 2021, no pet.). Although arrested for both offenses, Montes was indicted only for the manufacturing offense. *Id.* Montes filed an application for a pretrial writ of habeas corpus seeking a bond reduction pursuant to article 17.151 of the Texas Code of Criminal Procedure because the State was not ready for trial within ninety days. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 17.151 §1(1). The trial court denied his application, and Montes appealed to the Fourth Court of Appeals. *See Montes*, 2021 WL 603368, at *1. On appeal, the Fourth Court held the trial court erred in denying Montes's habeas application and refusing to reduce his bond pursuant to article 17.151. *Id.* at *2. The appellate court remanded the matter to the trial court for a bond reduction hearing. *Id.* at *3.

Guadalupe County court records show that pursuant to the Fourth Court's judgment and mandate, a bond hearing was held in March 2021 and bond was granted. *See* https://portal-txguadalupe.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=906752 (last visited May 26, 2022). Thereafter, the charge of manufacturing of a controlled substance — the only offense for which Montes had been indicted — was dismissed. *Id.* However, Comal County records show Montes was subsequently confined in the Comal County Jail based on a bond revocation related to three 2018 felony offenses: two counts of aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon. *See* public.co.comal.tx.us/CaseDetail.aspx?CaseID=978294 (last visited May 26, 2022).

While confined in the Comal County Jail, Montes filed this section 1983 matter against the Governor. (ECF No. 1). He then filed an Amended Complaint. (ECF No. 5). Montes contends the Governor violated his constitutional rights based on the issuance of Executive Order GA–13 in March 2020. (*Id.*). This Executive Order suspended articles from the Texas Code of Criminal Procedure relating to, among other things, release of pretrial detainees on personal bond. *See* [Executive Order GA-13 Relating to detention in county and municipal jails during the COVID-19 disaster (texas.gov)](#) (last visited May 26, 2022). Montes seems to contend his release from the Guadalupe County Jail and/or the Comal County Jail was delayed or denied based on Executive Order GA–13. (ECF No. 5); *see* TEX. GOV. EXEC. ORDER NO. GA–13 (Mar. 29, 2020). As relief, Montes seeks monetary damages and "removal" of Executive Order GA–13. (ECF No. 5).

### APPLICABLE LAW

Under section 1915A(b)(1) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is

based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. *Official Capacity for Monetary Damages*

The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With respect to section 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities they are not deemed "persons" for purposes of section 1983. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690

n.55). Thus, section 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

The Governor is a state official. Thus, to the extent Montes has sued the Governor in his official capacity for monetary damages or other retrospective relief, such claims are subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71.

### B. *Individual Capacity — Absence of Causation*

To establish personal liability in a section 1983 action, the plaintiff must show the state official, acting under color of state law, caused the deprivation of a federal right. *Graham*, 473 U.S. at 166. Thus, Montes must establish that by issuing Executive Order GA–13, the Governor caused him to suffer the deprivation of a constitutional or other federal right. *See id.*

As set out above, Montes's 2020 challenge to his denial of bond in Guadalupe County Montes was reversed in his favor by the Fourth Court of Appeals. *See Montes*, 2021 WL 603368, at *3. In its decision, the Fourth Court of Appeals held that Executive Order GA–13, upon which the State relied in its response to Montes's argument that the trial court erred in denying his request for a bond reduction, was inapplicable, specifically holding that "article 17.151's mandatory provision requiring bail reduction was not altered by Executive Order GA–13[.]" *Id.* In other words, the appellate court held the Governor's Executive Order did not preclude Montes's release. *Id.*

Pursuant to the opinion of the Fourth Court of Appeals, this Court finds that any delayed release from the Guadalupe County Jail was not based on the Governor's Executive Order, as it was inapplicable. *See Montes*, 2021 WL 603368, at *3. Thus, the Governor's issuance of Executive

Order GA–13 did not *cause* Montes's delayed release. *See Graham*, 437 U.S. at 166. Rather, any delay in Montes's release or his continued confinement was based on the state trial court's erroneous interpretation of Executive Order GA–13. *See Montes*, 2021 WL 603368, at *3. Montes has not named the state court trial judge as a defendant in this matter, only the Governor. (ECF No. 5). Therefore, the Court finds the Governor is not subject to liability in his individual capacity for any violation of Montes's constitutional rights based on the Executive Order. *See id.*

Additionally, the Court finds Montes has not established that his release from confinement in the Comal County Jail was denied based on Executive Order GA–13, *i.e.*, was caused by the Governor. (ECF No. 5); *see Graham*, 437 U.S. at 166. Comal County court records show Montes was confined in the Comal County Jail in March 2021 based on a bond revocation related to several 2018 felony offenses. *See* public.co.comal.tx.us/CaseDetail.aspx?CaseID=978294 (last visited May 26, 2022). Those same records show that Montes was, in fact, released on March 25, 2021, on a personal recognizance bond with regard to the charges upon which the revocation had been based. *Id.* Thus, contrary to his contention, Montes's incarceration in the Comal County Jail was not caused by the Governor's issuance of Executive Order GA–13. Montes was released from the Comal County Jail on bond and only subsequently confined because he violated the terms of his bond, *i.e.*, it was revoked. *Id.* The records show Montes was not booked into the Comal County Jail on the bond revocation until January 26, 2022. *Id.*

Thus, the Court finds that any claim against the Governor in his individual capacity based on Executive Order GA–13 to the effect that such Executive Order caused Montes to suffer a constitutional violation with regard to his confinement or delayed release with regard to either the

Guadalupe County Jail or the Comal County Jail fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### C. *Failure to File Change of Address Notice After Release*

When Montes filed his original and Amended Complaints, he was confined in the Comal County Jail. (ECF No. 1, 5). Because Montes stated he was confined in the Comal County Jail, the Court sent all correspondence and orders to Montes at that facility. (ECF Nos. 3, 4, 7). On May 23, 2022, the Court's most recent Order, denying Montes's motion for appointed counsel and ordering Montes to refile his Amended Complaint, was returned to the Court as undeliverable. (ECF Nos. 8, 9). When returned, the envelope contained the following notations: "RETURN TO SENDER; NOT DELIVERABLE AS ADDRESSED; UNABLE TO FORWARD" and "NO LONGER INCARCERATED IN COMAL COUNTY JAIL." (ECF Nos. 8, 9). Thereafter, the Court searched the Comal County Jail website, which shows Montes was released May 11, 2022, more than two weeks ago. *See* public.co.comal.tx.us/JailingSearch.aspx?ID=400 (last visited May 26, 2022).

The form Montes used to file his original and Amended Complaints advised it was his responsibility to inform the Court of any change of address and its effective date. (ECF Nos. 1, 5). The form further advised under "CHANGE OF ADDRESS" that "[f]ailure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of [the] complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure." (ECF Nos. 1, 5); *see* FED. R. CIV. P. 41(b). Despite the warning on the form and his May 11, 2022 release from the Comal County Jail, Montes has not provided this Court with a change of address.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, the orderly and expeditious disposition of cases requires that if a litigant's address changes, he or she has a duty to inform the court of the change. *Salazar v. Wallace*, No. 1:13CV447, 2019 WL 1065142, at *1 (E.D. Tex. Feb. 14, 2019), *report and recommendation adopted*, No. 1:13-CV-447, 2019 WL 1062567 (E.D. Tex. Mar. 6, 2019). It is neither feasible nor required that a clerk of court take it upon himself or herself to maintain current address on the parties to pending action. *Id.* Rather, it is the responsibility of the parties—*pro se* or otherwise—to inform the court of changes of address given that communications between a court and litigants is principally conducted by mail. *Id.* Moreover, parties to an action are obligated to make timely status inquiries and in so doing, would *per force* provide address changes as those would be reflected in any written inquiry. *Id.*

Despite his release, which means that his address is no longer the Comal County Jail, and the warning on the section 1983 complaint form, Montes has failed to file a notice of change of address. Montes's failure to file the required notice prevents this Court from communicating with him and moving this case toward resolution, suggesting Montes no longer desires to prosecute this matter. Thus, based on his failure to provide the Court with a current address, this case is subject to dismissal for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

## CONCLUSION

The Court finds Montes's claims are substantively subject to dismissal for want of jurisdiction or for failure to state a claim upon which relief may be granted. Moreover, by failing to file a change of address notice after his release from the Comal County Jail, Montes's Amended Complaint is subject to dismissal for want of prosecution.

**IT IS THEREFORE ORDERED** that Montes's 42 U.S.C. § 1983 claims against Defendant Governor Greg Abbott in his official capacity for monetary damages (ECF No. 5) are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. *See* U.S. CONST. amend. XI.

**IT IS FURTHER ORDERED** that Montes's 42 U.S.C. § 1983 claims against Defendant Governor Greg Abbott in his individual capacity (ECF No. 5) are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**IT IS FURTHER ORDERED** that Montes's 42 U.S.C. § 1983 Amended Complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 41(b) for want of prosecution for failure to provide the Court with his current address.

It is so **ORDERED**.

SIGNED this 31st day of May, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE